```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
INDIA.COM, INC.,                        :
                                        :
                      Plaintiff,        :
                                        :
            -v-                         :
                                        :
SANDEEP DALAL,                          :
                                        :
                      Defendant.        :   02 Civ. 0111 (DLC)
                                        :
----------------------------------------:   MEMORANDUM OPINION
                                        :        & ORDER
SANDEEP DALAL,                          :
                                        :
             Counterclaim-Plaintiff,    :
                                        :
            -v-                         :
                                        :
INDIA.COM, INC., EASYLINK SERVICES      :
CORPORATION, and INDIA HOLDINGS, INC.,  :
                                        :
             Counterclaim-Defendants.   :
                                        :
----------------------------------------X
```

APPEARANCES:

For Plaintiff/Counterclaim-Defendants:

Justin M. Sher
Sher L.L.P.
41 Madison Avenue, 41st Floor
New York, NY 10010

For Defendant/Counterclaim-Plaintiff:

Sandeep Dalal, pro se
1809 Devonshire Crescent
Houston, TX 77030

DENISE COTE, District Judge:

On December 31, 2009, judgment was entered in favor of defendant and counterclaim plaintiff Sandeep Dalal ("Dalal"). On January 19, 2010, Dalal timely sought to recover $38,469.77 in costs from plaintiff and counterclaim-defendants India.com, Inc., EasyLink Services Corp., and India Holdings, Inc. (collectively, "EasyLink").  On January 28, EasyLink served and filed its objections to Dalal's request for a bill of costs.  On January 29, EasyLink filed a notice of appeal from the December 31, 2009 judgment.  Also on January 29, the Clerk of Court granted Dalal's request in part, and entered a bill of costs for $21,749.72, comprised of $10,591.55 for trial and deposition transcripts and $11,158.17 for exemplification and copies of papers.[1]  As explained in the Order dated February 9, 2010, the entry of the bill of costs (Docket No. 117) was a clerical error since EasyLink's notice of appeal (Docket No. 116) had been filed and docketed, and under Local Civil R. 54.1, costs are not to be taxed while a case is on appeal.

On February 5, EasyLink moved to vacate the bill of costs, pointing out the clerical error and arguing more substantively

---

[1] The Clerk of Court properly denied Dalal's request for $15,562.63 for legal research, mailing, travel expenses, and unreimbursed costs that he incurred as broker for India.com. The Clerk also properly denied Dalal's request for $1,157.42, which was already taxed at the Court of Appeals.  Dalal has not appealed the Clerk's denial of these requests.

that the Clerk of Court erred in not reducing the amounts allowed for the costs of transcripts and copies.  By letter dated February 5, Dalal opposed the motion to vacate.[2]  As the filing of the notice of appeal on January 29 also divested this Court of jurisdiction over the matter, this Court was without jurisdiction to either correct the clerical error or to address EasyLink's substantive objections to the bill of costs.  Accordingly, the February 9 Order denied EasyLink's motion to vacate the bill of costs for lack of jurisdiction.[3]

On June 15, the Court of Appeals entered a limited remand "for consideration of whether to correct any clerical errors pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, as well as for consideration of EasyLink's substantive objections to Dalal's bill of costs."  Because the parties already had the opportunity to brief the issues raised in

---

[2] Dalal's opposition to the motion to vacate was timely served, but was not entered on the docket until February 25.  Dalal's opposition focused on timing and service issues surrounding EasyLink's filing of its objections and notice of appeal; it did not address EasyLink's substantive objections to Dalal's requests for costs.  The timing and service issues are now irrelevant given that Fed. R. Civ. P. 54(d)(1) permits a court to "review the clerk's action" after a bill of costs is entered, and further, the Second Circuit's mandate specifically requires "consideration of EasyLink's substantive objections to Dalal's bill of costs."

[3] On February 19, EasyLink filed a reply to Dalal's opposition and renewed its request to vacate or modify the bill of costs.  By letter dated February 20, Dalal submitted an unauthorized surreply.  The parties' requests in the reply and surreply were denied by Order dated March 2.

EasyLink's motion to vacate the bill of costs, no additional briefing was ordered.[4]  Accordingly, the original bill of costs entered by the Clerk of Court shall be vacated, and EasyLink's substantive objections to the bill of costs shall be addressed.

## DISCUSSION

"A district court reviews the clerk's taxation of costs by exercising its own discretion to decide the cost question itself."  Whitfield v. Scully, 241 F.3d 264, 269 (2d Cir. 2001); see also LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995) ("The decision to award costs to a prevailing party under Fed. R. Civ. P. 54(d) rests within the sound discretion of the district court." (citation omitted)).

Rule 54(d)(1), Fed. R. Civ. P., provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party."  By its terms, Rule 54(d)(1) awards to the prevailing party costs "as of course," so "[f]or this reason, the losing party has the burden to show that costs should not be imposed."  Whitfield, 241 F.3d at 270.  The term

---

[4] Nonetheless, Dalal made an additional submission by letter dated June 30, 2010, in which he argues that EasyLink should be estopped from objecting to his requests for costs because EasyLink made similar requests in its November 1, 2006 proposed bill of costs.  Dalal's June 30 submission also reiterates the same timing and service issues that were the focus of his opposition to the February 5 motion to vacate.

"costs" in Rule 54(d)(1) refers to the items enumerated in 28 U.S.C. § 1920.  Id. at 269.  Such costs include "[f]ees for printed or electronically recorded transcripts" and "[f]ees for exemplification and the costs of making copies of any materials," where such transcripts and copies are "necessarily obtained for use in the case."  28 U.S.C. § 1920(2),(4).

1.  Trial Transcripts

Dalal sought, and the Clerk of Court allowed, $639.00 in trial transcript costs.  EasyLink objects to the portion of these costs allowed for transcripts of post-trial proceedings. The Local Rules of this Court provide that "[t]he cost of any part of the original trial transcript that was necessarily obtained for use in this court or on appeal is taxable."  Local Civil R. 54.1(c)(1).  "The cost of a transcript of court proceedings prior to or subsequent to trial is taxable only when authorized in advance or ordered by the court."  Id. (emphasis added).

The Clerk of Court properly allowed Dalal $147.00 for the cost of the trial transcript and decision.  The Clerk erred, however, in allowing $492.00 for the cost of transcripts of what Dalal describes as "post-trial proceedings."  Dalal has not shown that transcript costs for post-trial proceedings were authorized in advance or ordered by the Court.  Nor has Dalal

submitted invoices detailing which transcripts were ordered, or any documentation to show how such transcripts were used in the case.[5]  As such, Dalal may recover only $147.00 from EasyLink for trial transcript costs.

2.  Deposition Transcripts

The Clerk of Court granted Dalal's request for $9,952.55 in deposition transcript costs.  EasyLink objects to the portion of these costs allowed for:  (1) the use of more expensive court reporting services for the first two days of the deposition of Gerald Gorman ("Gorman")[6]; (2) daily transcript and expedited service fees; (3) delivery fees; (4) minuscripts and ASCII discs; (5) court reporters' appearance fees; and (6) additional copies of transcripts in excess of those permitted under Local Rule 54.1.  EasyLink further objects to the costs allowed for copies of Dalal's own deposition transcript and for the transcript of Debra McClister's deposition, which was taken post-trial.

---

[5] In his request for reimbursement of the costs of transcripts of "post-trial proceedings," Dalal submitted copies of two checks made out to "Southern District Reporters."  These checks do not indicate what transcripts were ordered or how they were used in the case.

[6] The two court reporting services used for the first two days of Gorman's deposition charged a rate of $4.95 per page and $5.10 per page, respectively.  By contrast, the court reporting service used for all but one of the remaining depositions charged only $3.75 per page.

With respect to costs for deposition transcripts, the Local Rules provide, in pertinent part:

> Unless otherwise ordered by the court, the original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at the trial, whether or not it was read in its entirety. Costs for depositions are also taxable if they were used by the court in ruling on a motion for summary judgment or other dispositive substantive motion. Costs for depositions taken solely for discovery are not taxable.

Local Civil R. 54.1(c)(2). "Even where the cost of a deposition transcript itself will be taxable under these standards, certain associated fees that are not necessary generally may not be taxed -- for example, expedited service, delivery costs, appearance fees, and rough diskettes and/or ASCII disks." Farberware Licensing Co. LLC v. Meyer Marketing Co., Ltd., No. 09 Civ. 2570(HB), 2009 WL 5173787, at *5 (S.D.N.Y. Dec. 30, 2009) (citation omitted). Awarding the cost of an expedited transcript requires a heightened showing of the unique circumstances that demanded it. See, e.g., Ferrostaal v. M/V Tupungato, Nos. 03 Civ. 4885, 03 Civ. 6236(MGC), 2008 WL 2796644, at *2 (S.D.N.Y. July 17, 2008).

With certain exceptions, the Clerk of Court properly awarded the deposition transcript costs sought by Dalal. First, EasyLink's objection to the rates charged by the court reporting services for the first two days of Gorman's deposition is disingenuous. EasyLink itself sought reimbursement for the fees

7

charged by these same reporting services in its November 1, 2006 proposed bill of costs. Thus, the Clerk did not err in allowing Dalal to recover these costs from EasyLink.

The Clerk did err, however, in allowing Dalal to recover the costs for the transcript of the second day of Gorman's deposition <u>twice</u>. In his request for a bill of costs, Dalal claimed that $844.20 represented half of the transcript costs for the second day of Gorman's deposition, and therefore requested $1,688.40. In support of this request, Dalal submitted a single invoice showing a charge for $844.20 and copies of two checks made out to the court reporting service for $844.20 each. Each of these checks, however, reference the same invoice submitted by Dalal. Because Dalal did not submit a separate invoice to support the additional $844.20 he seeks, the amount allowed for deposition transcript costs shall be reduced by $844.20.

Second, the Clerk of Court should not have taxed the additional costs for delivery fees, minuscripts, ASCII discs, appearance fees, or additional copies of transcripts beyond the original plus one copy permitted by Local Civil R. 54.1. Further, Dalal has not shown that it was necessary to expedite the transcripts of the pre-trial depositions, the latest of which was taken on October 21, 2002, approximately seven weeks <u>before</u> the December 9, 2002 bench trial. Accordingly, the costs

allowed for deposition transcripts shall be further reduced by $2,139.00.[7]

Third, the Clerk properly allowed Dalal to recover the costs of copies of his own deposition transcripts. EasyLink's arguments that Dalal could have obtained a complimentary copy of the transcripts as a party deponent, or could have copied the transcripts that EasyLink sent to Dalal for his review, are irrelevant. Local Civil R. 54.1(c)(2) permits the prevailing party to recover the cost of the "original transcript of a deposition, plus one copy," as long as the deposition was used; EasyLink does not argue that Dalal's deposition was not used. Accordingly, Dalal may recover the costs for his own deposition transcripts.[8]

Fourth, the Clerk of Court also properly allowed costs for the transcript of the deposition of Debra McClister, which was taken post-trial. As EasyLink acknowledged in its November 1, 2006 proposed bill of costs, this deposition was used by Dalal

---

[7] This amount is comprised of: $1,182.50 in unnecessary daily or expedited transcript fees; $158.00 in delivery fees; $83.00 in minuscripts and ASCII discs; $495.00 in court reporters' appearance fees; and $220.50 for an additional copy of the transcript from the second day of David Ambrosia's deposition.

[8] Although the court reporting service charged an expedited rate of $2.50 per page, this rate was lower than the standard $3.75 per page regularly charged, which EasyLink agrees is reasonable. In any event, EasyLink has failed to show what an alternative reasonable rate would be for the copies of Dalal's deposition transcripts.

in his post-trial motions.  Further, given the tight post-trial briefing schedule, it was appropriate for Dalal to obtain an expedited copy of this transcript.  Accordingly, Dalal may recover the costs for the expedited transcript of the deposition of Debra McClister.

In sum, the $9,952.55 in costs for deposition transcripts taxed by the Clerk of Court shall be reduced by a total of $2,983.20.  Thus, Dalal shall be allowed to recover $6,969.35 from EasyLink for deposition transcript costs.

3.  Exemplification and Copies of Papers

The Clerk of Court granted Dalal's request for $11,158.17 in costs for exemplification[9] and copies of papers.  EasyLink argues that none of these costs should have been taxed.  The Local Rules provide:  "A copy of an exhibit is taxable if the original was not available and the copy was used or received in evidence.  The cost of copies used for the convenience of counsel or the court are not taxable."  Local Civil R. 54.1(c)(5).  "Photocopying costs may be recovered even though the underlying document was not admitted at trial."  United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt

---

[9] "Exemplification" refers to obtaining an official transcript of a document from public records, i.e., authentication.  See Gabel v. Richards Spears Kibbe & Orbe LLP, No. 07 Civ. 11031(CM), 2009 WL 4037176, at *3 (S.D.N.Y. Nov. 17, 2009).  Dalal does not request reimbursement for any exemplification.

Meridian Constr. Corp., 95 F.3d 153, 173 (2d Cir. 1996) (citation omitted).  In seeking reimbursement for such copies, however, a prevailing party must "itemize those costs" and "explain why all th[e] copies were necessary."  Id.

The Clerk of Court erred in allowing the costs of the copies sought by Dalal.  Dalal has not itemized the costs of the copies for which he seeks reimbursement, or shown that the copies were necessary.  The invoices submitted by Dalal show that multiple copies of originals were made, but do not indicate which documents were being copied, or differentiate between copies made for the convenience of counsel and those used or received in evidence at trial.  In fact, Dalal has not explained why the originals used to make the copies could not have themselves been used at trial or moved into evidence.  In addition, many of the invoices include additional charges for items such as three-ring binders, tabs, and binding which are not taxable under Local Civil R. 54(c)(5).  Lastly, some of the invoices post-date the trial and Dalal has not shown how these copies were used, or explained why they were necessary.  Accordingly, Dalal shall not be allowed to recover any costs for copying of papers.

CONCLUSION

The January 29, 2010 bill of costs is vacated. The Clerk of Court shall enter a bill of costs in favor of Dalal in the amount of $7,116.35. In accordance with the terms of the Second Circuit's mandate providing for this limited remand, jurisdiction over the previously-pending appeal will automatically be restored to the Court of Appeals upon notification by letter of the parties to the Clerk of the Second Circuit within 30 days of this Order.

SO ORDERED:

Dated:   New York, New York
         July 13, 2010

                                    _____
                                            DENISE COTE
                                    United States District Judge