*[handwritten note: Leave letter to collect held but bearing fund Cote, J]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INDIA.COM, INC.,<br><br>　　　　　　Plaintiff,<br><br>　-against-<br><br>SANDEEP DALAL,<br><br>　　　　　　Defendant.<br><br>SANDEEP DALAL,<br><br>　　　　　　Counterclaim-Plaintiff,<br><br>　-against-<br><br>INDIA.COM, INC., EASYLINK SERVICES CORPORATION and INDIA HOLDINGS, INC.,<br><br>　　　　　　Counterclaim-Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 5/6/11<br><br><br>Case No. 02 Civ. 0111 (DLC) |

## [PROPOSED] ORDER PERMITTING PLAINTIFF/COUNTERCLAIM-DEFENDANT INDIA.COM, INC., AND COUNTERCLAIM-DEFENDANTS EASYLINK SERVICES CORPORATION AND INDIA HOLDINGS, INC. TO DEPOSIT MONEY JUDGMENT INTO COURT REGISTRY

**WHEREAS**, by Summary Order dated April 20, 2011, the United States Court of Appeals for the Second Circuit affirmed the damages awarded to Defendant/Counterclaim-Plaintiff Sandeep Dalal by the District Court in its opinion dated December 30, 2009; and

**WHEREAS**, Plaintiff/Counterclaim-Defendant India.com, Inc., and Counterclaim-Defendants EasyLink Services Corporation and India Holdings, Inc. as judgment-debtors (collectively, the "Judgment Debtors"), are prepared to satisfy such judgment in full; and

**WHEREAS**, Dalal's former counsel possesses a charging lien under New York Judiciary Law § 475 against the judgment entered in favor of Dalal, *see* the accompanying Declaration of Justin Sher dated May 2, 2011; and

**WHEREAS**, permitting the Judgment Debtors to deposit the money judgment into the Court registry, along with accrued interest through the date of deposit, will satisfy the Judgment Debtors' legal obligation without causing them to be in violation of any claims upon said judgment, or to have additional interest accrue upon said judgment;

**THEREFORE**, pursuant to Federal Rule of Civil Procedure 67:

**IT IS HEREBY ORDERED** that the Judgment Debtors are permitted to deposit into the registry of the Court, the judgment principal of $937,500.00, plus pre-judgment interest in the amount of $544,846.75 through December 31, 2009, plus post-judgment interest in the amount of $7,909.23 through April 20, 2011, and accruing at the rate of $16.651 per day until the date of deposit, plus costs in the amount of $8,273.77, for a total amount of $1,498,529.75 through April 20, 2011; and

**IT IS FURTHER ORDERED** that the deposit of such amount shall constitute full satisfaction of the judgment and cause post-judgment interest to stop accruing, and satisfy all outstanding obligations of the Judgment Debtors; and

**IT IS FURTHER ORDERED** that the clerk is directed to deposit $1,498,529.75, plus $16.651 for each additional day after April 20, 2011 through the date of deposit, in an interest-bearing account, pursuant to Local Civil Rule 67.1; and

**IT IS FURTHER ORDERED** that, in accordance with Local Civil Rule 67.1, the clerk deduct from the income on the investment a fee equal to ten per cent (10%) of the income

earned, but not exceeding the fee authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office.

Dated: New York, New York
       May 6, 2011

SO ORDERED:

_____
Hon. Denise Cote
U.S.D.J. S.D.N.Y.