MANDATE

02cv0111(DLC)

10-438-cv (L)
India.Com, Inc. v. Dalar

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand eleven.

PRESENT:
        ROBERT D. SACK,
        ROBERT A. KATZMANN,
        RAYMOND J. LOHIER, JR.,
                *Circuit Judges.*
_____



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 17, 2011

India.Com, Inc.,

        *Plaintiff-Counter-Defendant-
        Appellant-Cross-Appellee*,

EasyLink Services Corporation, India Holdings, Inc.,

        *Counter-Defendants-Appellants-
        Cross-Appellees*,

        v.

Sandeep Dalal,

        *Defendant-Counter-Claimant-
        Appellee-Cross-Appellant.*
_____

10-438-cv (L)
10-612-cv (XAP)

MANDATE ISSUED ON 05/17/2011

> JUSTIN M. SHER (Jeffrey D. Horst, Krevolin & Horst, LLC, Atlanta, Georgia, *on the brief*), Sher LLP, New York, N.Y., *for Plaintiff-Counter-Defendant-Appellant-Cross-Appellee India.Com, Inc. and Counter-Defendants-Appellants-Cross-Appellees EasyLink Services Corporation, India Holdings, Inc.*
>
> SANDEEP DALAL, *pro se*, Houston, TX, *for Defendant-Counter- Claimant-Appellee-Cross-Appellant Sandeep Dalal*.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants India.Com, Inc. ("ICI"), EasyLink Services Corporation ("EasyLink"), and India Holdings, Inc. ("IHI") appeal from the district court's December 31, 2009 judgment awarding damages in favor of Sandeep Dalal. Dalal, proceeding *pro se*, cross-appeals from the same judgment, which also denied his applications for additional damages and attorneys' fees. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the specification of issues on appeal.

An independent review of the record and relevant case law reveals that the district court properly awarded damages. Except as noted below, we affirm for substantially the same reasons stated by the district court in its thorough opinion. *See India.com, Inc. v. Dalal*, No. 02 Civ. 111 (DLC), 2009 WL 5171734 (S.D.N.Y. Dec. 30, 2009).

To the extent that the district court may have erred by determining, in the context of Dalal's request for attorneys' fees, that the indemnification clause of the engagement letter was no longer in effect due to the automatic expiration of that agreement, any such error was harmless. Even if the indemnification provision may have still been in effect, the district court

correctly determined that the language of the indemnification clause did not extend to any right to attorneys' fees for litigation of disputes between Dalal and either ICI or EasyLink. Furthermore, Dalal's argument for attorneys' fees based upon the "contribution" portion of the indemnification clause fails because it misunderstands that "contribution" is a legal term that, used in the indemnity context as it is here, plainly contemplates only the "right to demand that another who is jointly responsible *for a third party's injury* supply part of what is required to compensate the third party." *Black's Law Dictionary* 352-53 (8th ed. 2004) (emphasis added).

    We have considered all of the parties' arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

                                          FOR THE COURT:
                                          Catherine O'Hagan Wolfe, Clerk



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit